### John T. Dyche v. Theo. Weichselbaum.

**No. 344.** ( 58 Pac. 126.)

1. Trial by Court—*Admission of Evidence—Immaterial Error.* The admission of immaterial evidence by the court trying a cause without a jury will not be held reversible error unless it appears that the findings and judgment rest to some extent upon such evidence.

2. Highways—*Permanent Obstruction—Injunction—Pleading.* An owner of land abutting upon a highway can maintain an action to enjoin a permanent obstruction thereof, although it is not alleged to be his sole means of ingress and egress.

Error from Riley district court; R. B. Spilman, judge. Opinion filed July 18, 1899. Affirmed.

#### STATEMENT.

This is an action by Weichselbaum to enjoin the plaintiff in error from closing up a strip of land sixty feet wide between their respective properties, which the plaintiff claimed was an extension of Park avenue in the city of Ogden, a public highway both by dedication and by prescription. The plaintiff claimed that it had existed as a highway since 1859, being almost forty years. There was a temporary injunction at the beginning of the suit which was made perpetual upon the final hearing, and the defendant below presents the case to this court for review.

*Irish & Brock*, for plaintiff in error.

*Sam. Kimble,* for defendant in error.

Dyche v. Weichselbaum.

The opinion of the court was deliverd by

MAHAN, P. J. : It is claimed in the first place, in argument, that the petition did not allege facts sufficient to entitle the defendant in error to maintain his suit, in that it did not show that he was damaged in a manner different from the general public ; that is, that he sustained no special injury by reason of the obstruction of the highway. It is true that the petition does not state that the strip of land afforded to the plaintiff the only means of access to his premises. The premises were a part of the tract of land owned by the common grantor of both plaintiff and defendant. The deed to the plaintiff was made in 1859 ; that to the defendant in 1880. The deed of 1859 described the land as situated upon an extension of Park avenue, being then constructed by the grantor. It was fenced immediately by the plaintiff upon his side and by the grantor of the plaintiff on his side, and so remained fenced and used as a common passageway from that time until about the commencement of this suit. However, in 1883, the northwest end of the strip was closed by a fence built by the defendant's father, thus forming a *cul-de-sac* open at the south end and terminating at the defendant's field. The case was tried to the court. We cannot say that the court erred in admitting evidence which it was to consider itself. We cannot say that the court gave consideration to immaterial evidence although it heard the same. It does not so appear from the record. There is sufficient testimony to sustain the finding of the court that the strip of land in controversy is an extension of Park avenue of the city of Odgen, and a public highway, either by dedication and acceptance or by prescription. It involves a question of fact

which must be determined from the evidence like any other fact. Having been determined upon evidence against the plaintiff in error, we have no right to review the finding of the trial court.

In *Cemetery Ass'n v. Meninger*, 14 Kan. 314, the supreme court determined that a *cul-de-sac* could be a public highway, and upon the question of the establishment by dedication to public use as a highway it said:

"We say nothing now of the comparative amount of testimony necessary to establish the fact of a dedication in the two cases. In order to constitute a way a public road, outside of cases of condemnation, and possibly of prescription, it is said that two things are essential: *First*, a dedication by the owner of the soil; and, *second*, an acceptance by the public. In the different cases reported, stress is laid upon one or the other of these matters, according to the character of the questions involved. Thus, where the former owner is attempting to obstruct a way, the important matter is whether he has once actually made a dedication, and so estopped from obstructing it; and to that the testimony mainly runs. On the other hand, where the authorities are prosecuted for not repairing a highway, the important question often is whether the public have accepted the dedication, and upon that is most of the testimony. . . . No formal acceptance by any particular authorities is essential. The mere user by the public may be of such a character as to constitute an acceptance. Indeed, such user by the public, with the knowledge of the owner, may be sufficient evidence of both the dedication and the acceptance. We know this doctrine is denied by some courts, but it seems to us to rest upon the soundest principles. Of course, no mere temporary or occasional use will be sufficient. . . . If a highway may be proved by usage, who is to determine whether the usage shown is sufficient? Does the usage prove an intention on the part of the owner to dedicate, and an acceptance by the public?

Dyche v. Weichselbaum.

These are questions of fact, and questions in their nature eminently appropriate for the consideration of a jury."

As has been said heretofore, the deed conveying this land to the plaintiff Weichselbaum by the common grantor of both parties, made in 1859, recited that this strip was an extension of Park avenue.   It was fenced by the parties in interest, and has been so used by the respective owners and occupants of the land ever since, and for many years by the public at large, as a highway to the northwest.   It is true that there was some evidence to the contrary, but the findings of the court upon the evidence are conclusive upon a court of review.

In conclusion, we say that the petition and the evidence disclosed that the injury to the plaintiff was of a different kind from that to the public at large in that the obstruction of the highway deprived him practically of all access to his premises.   The evidence supports the findings and conclusions of the trial court.   This disposes of all of the contentions of counsel for plaintiff in error.

The judgment is affirmed.